**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-cv-177-RLV
(5:05-cr-202-RLV-1)**

| | |
|---|---|
| MONROE HERRING, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

This matter is before the Court on Petitioner's pro se Motion to Alter or Amend this Court's July 30, 2013, judgment denying and dismissing Petitioner's motion to vacate, filed under 28 U.S.C. § 2255, (Doc. No. 24), and on Petitioner's pro se Motion for Leave to Supplement the Motion to Alter or Amend Judgment, (Doc. No. 25). For the reasons set forth below, the Court denies both motions.

**I.    BACKGROUND**

Petitioner pleaded guilty on March 3, 2006, to conspiracy to possess with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Criminal Case No. 5:05-cr-202-RLV, Doc. No. 29: Acceptance and Entry of Guilty Plea). During Petitioner's Rule 11 colloquy, this Court advised Petitioner that, based on the Government's notice that it intended to seek an enhanced penalty based on his prior conviction of a felony drug offense in accordance with 21 U.S.C. § 851, he faced a statutory, mandatory-minimum term of 20 years in prison. (Id., Doc. No. 32 at 4: Rule 11 Tr.). Petitioner responded that he understood that penalty and affirmed that he was, in fact, guilty of the offense to which he

1

was pleading guilty. (Id. at 4; 7). This Court ultimately sentenced Petitioner to the mandatory-minimum term of 240 months. (Id., Doc. No. 42: Judgment).

The Fourth Circuit affirmed this Court's judgment, and on November 16, 2010, Petitioner filed a timely motion to vacate, asserting two specific claims of ineffective assistance of counsel. The Government filed a response opposing Petitioner's motion to vacate, and on July 30, 2013, this Court denied Petitioner's motion to vacate, finding that he had not shown that his trial counsel's representation was constitutionally deficient. (Doc. No. 20). Less than one month after this Court denied Petitioner's motion to vacate, Petitioner filed the pending motion to alter or amend the judgment, arguing that this Court lacked the authority to impose a statutory mandatory-minimum term of imprisonment, which depended on a drug quantity that Petitioner did not admit and that a jury did not find beyond a reasonable doubt. (Doc. No. 24). In his motion to alter or amend, Petitioner relies specifically on the Fourth Circuit's decision in United States v. Collins, 415 F.3d 304 (4th Cir. 2005), and the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), arguing that he could not properly be sentenced to a statutory mandatory minimum unless an enhanced-penalty quantity of drugs was reasonably foreseeable to him during his participation in the conspiracy, and that he either had to have admitted to this drug quantity or the jury had to have found that this quantity was reasonably foreseeable to Petitioner beyond a reasonable doubt. More than 18 months after he filed his motion to alter or amend, Petitioner filed a motion to supplement the claim made in his motion, arguing that the Fourth Circuit's decision in United States v. Flores-Alvarado, 779 F.3d 250 (4th Cir. 2015), supports his argument that this Court lacked the authority to find the drug quantity supporting the 20-year mandatory-minimum term this Court applied in sentencing him.

**II.    DISCUSSION**

2

Petitioner filed his motion to alter or amend, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, within 28 days of this Court's judgment denying and dismissing his 2255 motion to vacate. As the Government points out, Petitioner's motion to alter or amend is in substance an attempt to add a new claim that he did not raise in his original motion to vacate. That is, through his motion, Petitioner attempts to raise the claim that this Court lacked the authority to find the drug quantity supporting the application of the statutory mandatory minimum.

Whether a defendant may amend his § 2255 pleading is governed by Federal Rule of Civil Procedure 15. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days or within 21 days after service of a responsive pleading. FED. R. CIV. P. 15(a)(1). However, where a petitioner seeks to amend his motion to add a claim that is otherwise time-barred by the applicable statute of limitations, Rule 15(c)(1) requires that the amended claim "relate[] back to the date of the original pleading." FED. R. CIV. P. 15(c)(1); see also Pittman, 209 F.3d at 317. Under Rule 15(c)(1)(B) provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out or attempted to be set out in the original pleading." FED. R. CIV. P. 15(c)(1)(B). As the Supreme Court made clear in Mayle v. Felix, 545 U.S. 644 (2005), in the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. Id. at 664. Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Id.

3

Petitioner's motion to alter or amend amounts to an effort to amend his motion to vacate well after the Government filed its responsive pleading, and even after judgment was entered, and to add a claim that is not tied to the common core of operative facts supporting the ineffective-assistance-of-counsel claims asserted in his original motion to vacate. Accordingly, the claim does not relate back to the date of the original pleading and is untimely. Petitioner's motion to alter or amend is also denied because any claim that this Court erred in enhancing his sentence based on a drug quantity that Petitioner did not admit and that was not found by a jury beyond a reasonable doubt is procedurally defaulted. Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on collateral review only if the defendant can first demonstrate cause and actual prejudice, or that he is actually innocent of the conviction he challenges. Bousley v. United States, 523 U.S. 614, 622 (1998). With respect to the cause-and-prejudice standard, a petitioner must demonstrate (1) the existence of cause for a procedural default that turns on something external to the defense; and (2) actual prejudice resulting from the errors of which he complains. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). Here, Petitioner has not presented any cause for failing to raise this argument on direct appeal, so his claim is procedurally defaulted. Additionally, Petitioner's motion to alter or amend is denied because he relies on authority that is not applied retroactively on collateral review. As the Fourth Circuit noted in its recent decision in United States v. Surratt, — F.3d —, 2015 WL 4591677 (4th Cir. July 31, 2015), every circuit to have considered the issue has held that Alleyne does not apply retroactively on collateral review, because it concerns the procedural right to a jury trial, not a new rule of substantive law. See id., 2015 WL 4591677, at *6; United States v. Olvera, 775 F.3d 726, 730 n.12 (5th Cir. 2015) (collecting cases).

Petitioner's motion to supplement his motion to amend is also denied. Petitioner seeks to add a claim based on the Fourth Circuit's decision in <u>Flores-Alvarado</u>, but that decision stands for the unremarkable proposition that a district court must make particularized findings of fact in response to a defendant's objection to drug quantity, where the basis for the drug-quantity determination in the presentence report is not evident from the facts recited in the presentence report. This claim is untimely, procedurally barred, and would fail on the merits, given the evidence that Petitioner bought well more than the enhanced, penalty triggering quantities of crack and powder cocaine. <u>See</u> (Doc. No. 16 at 11-12: Gov't Resp. in Opp. to Pet. Mot. to Vacate).

**IT IS HEREBY ORDERED** that Petitioner's pro se Motion to Alter or Amend this Court's July 30, 2013, judgment denying and dismissing Petitioner's motion to vacate, filed under 28 U.S.C. § 2255, (Doc. No. 24), and Petitioner's pro se Motion for Leave to Supplement the Motion to Alter or Amend Judgment (Doc. No. 25), are both **DENIED**.

Signed: September 2, 2015

Richard L. Voorhees
United States District Judge